**BRENDAN McCARTHY**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:   (406) 657-6989
E-Mail: Brendan.McCarthy@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **MARCO ANTONIO ALVAREZ-ACEVEDO,**  Defendant. | CR 16-75-BLG-SPW  **OFFER OF PROOF** |

The United States, represented by Assistant U.S. Attorney Brendan McCarthy, files the following offer of proof.

### THE CHARGE

The defendant, Marco Alvarez-Acevedo, is charged by indictment with conspiracy to distribute methamphetamine and possess with intent to distribute

1

methamphetamine, in violation of 21 U.S.C. § 846 (Count I); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count II); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count II).

## PLEA AGREEMENT

There is a plea agreement in this case. Alvarez-Acevedo will plead guilty to Counts II and III, possession with intent to distribute methamphetamine and conspiracy to commit money laundering. At the time of sentencing, the United States will move to dismiss Count I if the Court accepts the plea agreement.

The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for the defendant to be found guilty of the charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in Count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed the methamphetamine with the intent to deliver it to another person.

Additionally, while not a formal element of the offense, the government would also have to prove beyond a reasonable doubt that the defendant possessed with intent to distribute 50 or more grams of actual methamphetamine.

In order for the defendant to be found guilty of the charge of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), as charged in Count III of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more people to commit certain offenses under 18 U.S.C. § 1956, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute methamphetamine; and

Second, the defendants entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives.

## PENALTY

Count II charges the crime of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). This offense carries a mandatory minimum punishment of ten years to life imprisonment, a $10,000,000 fine, five years of supervised release, and a $100 special assessment.

Count III charges the crime of conspiracy to commit money laundering, in

violation of 18 U.S.C. § 1956(h).  This offense carries a penalty of twenty years imprisonment, $500,000 fine, three years supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In February of 2016, the Montana Highway Patrol conducted a traffic stop near Missoula on a vehicle driven by Jose Luis Santana-Selgado.  The owner of the vehicle, who was later established as a Confidential Source (CS), provided consent to search and law enforcement located 2.5 pounds of methamphetamine.  The CS stated that Santana-Selgado was transporting the methamphetamine from Washington to P.C. in Billings.  The CS stated that he/she and others had made previous trips from Washington to Billings to meet with P.C. to deliver methamphetamine.  The CS recalled a delivery from December 25, 2015 during which the CS, Marco Alvarez and another individual delivered approximately one pound of methamphetamine to P.C. in Billings.  The CS stayed in Billings to collect the money owed by P.C. for the sale of the methamphetamine.

A few days after the traffic stop in Missoula, agents executed a search warrant at P.C.'s residence.  After the search, P.C. agreed to cooperate and in his statement he told agents that in late-January 2016 he had met with Marco Alvarez

in Billings and they discussed their drug dealing activities.

P.C. later met with agents again and provided them with a phone that Alvarez had given him. According to P.C., Alvarez wanted to provide drugs to P.C. and wanted to communicate using that phone. An undercover agent then used the phone to text Alvarez at Alvarez's phone number. After some initial texts, agents had P.C. call Alvarez at his number to confirm that they would use that phone going forward. During the call, a male answered the phone and spoke in Spanish with P.C. but then handed the phone off to a woman. Agents also obtained the subscriber information for the phone number Alvarez provided and confirmed that the phone number was subscribed to by Marco Alvarez with an address in Sunnyside, Washington.

After the phone call between P.C. and Alvarez, the undercover agent arranged for Alvarez to ship methamphetamine via mail from Washington to Billings. In mid-March, a package containing methamphetamine was shipped to an address in Billings and DEA agents obtained the package. The DEA laboratory analyzed the methamphetamine and the lab analysis revealed it contained approximately 442.7 grams of pure methamphetamine. In exchange, the undercover agent wired $2,000 to a U.S. Bank account as instructed to do on the text messages.

In mid-April 2016, Alvarez agreed to return to Billings to deliver 3 pounds

of methamphetamine and collect money owed from the sale of the previous pound of methamphetamine.  On April 19, 2016, the undercover agent received a text stating that Alvarez was near Missoula.  The agent alerted Montana Highway Patrol and a vehicle with Alvarez and two other occupants was stopped near Bozeman.  During the stop, Alvarez provided his name and same Sunnyside, Washington address to the MHP Trooper as was on the subscriber information.  Alvarez can also be seen on the MHP Trooper's dash cam video.

A DEA agent later listened to Alvarez's jail calls and compared it to the voice on the phone call with P.C. and the dash cam video.  The agent would testify that it was Alvarez's voice on the phone call.

DATED this 31st day of May, 2018.

        KURT G. ALME
        United States Attorney


        */s/ Brendan McCarthy*
        BRENDAN MCCARTHY
        Assistant U.S. Attorney